MEMORANDUM OF DECISION
WILSON, Judge.
INTRODUCTION.
This action is brought in Two Counts seeking damages for an alleged breach of contract. In the first count, based on claimed breach of express contract, the Plaintiff alleges that it and the Defendant, doing business at The Mohegan Sun Casino, entered into an agreement wherein it was agreed that the Plaintiff would present a live eagefighting event at the Defendant’s arena, and that the Defendant breached the contract to the damage of the Plaintiff.
Count Two alleges a similar breach of an alleged implied contract.
The Defendant has moved to dismiss for lack of subject matter jurisdiction arguing that it is immune from suit and that it has not waived its sovereign immunity from suit.
The Plaintiff responds by arguing that, while the Defendant generally enjoys immunity from suit, it has waived such immunity by express terms of the contract alleged in Count One (which contact was attached to the complaint filed by the Plaintiff). For the following reasons, the court agrees with the Plaintiff and therefore the Motion to Dismiss is denied as to Count One and granted as to Count Two.
DISCUSSION.
It is agreed that the Defendant is a legal entity of The Mohegan Tribe of Indians of Connecticut, a federally recognized Indian Tribe. As such, the Tribe and its operating entities such as the Defendant, Mohegan Tribal Gaming Authority, are not subject to suit, (even in a State Court or in this Court)—even for breach of contract involving commercial conduct—unless Congress has authorized the suit or the Tribe has waived its immunity. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). It is agreed that Congress has not authorized the suit. The issue is whether the Tribe has waived its immunity.
This case concerns a written agreement, prepared by the Defendant, and presented to and signed by both parties. The agreement concerns a commercial event. The contract was entered into, was to be performed in, and was to be governed by the laws of the Mohegan Reservation of Connecticut. (Para 20). Paragraph 20 also provides that this court “shall have exclusive jurisdiction of any and all matters pertaining to the construction of this agreement, disputes under this agreement, and enforcement of this agreement. Mohegan Sun [The Defendant] and WEC [The Plaintiff] hereby consent to such exclusive jurisdiction.”
Paragraph 17 provides “Equity ”. Each party recognizes that “the rights granted hereunder are personal, valuable and unique and that a breach of any of the material provisions hereof will cause the other irreparable harm which may not be adequately compensated at law and each shall be entitled to equitable relief, including, without limitation, a preliminary injunction, to prevent such breach in addition to whatever actual damages may be had at law.”
*281 The Plaintiff relies on the two quoted paragraphs in support of its argument that the Defendant has waived its immunity. The Defendant, contra, contends that a waiver of sovereign immunity must be express and that the quoted provisions are not express enough, in haec verba, to waive immunity. The Defendant contends that paragraph 17 authorizes only an action in equity, with damages incidental thereto. This court does not agree. Paragraph 17, to the contrary, expressly recognizes and assumes the existence of a remedy at law, i.e., to recover damages, and provides for equitable relief incidental thereto, or “in addition to.” This in itself is an express waiver.
In addition, paragraph 20 provides that this court shall have exclusive jurisdiction over all matters pertaining to the contract, and the Defendant expressly consents to such exclusive jurisdiction. To what end is such recognition and consent to be employed, but for suits such as this? By such “consent” the Defendant voluntarily yielded to such an end; it acquiesced thereto; it agreed to it; it submitted; in short, it waived its immunity, expressly. (See Black Law Dictionary: “Consent”). The Defendant apparently argues that there is not any waiver of sovereign immunity unless there is a statement such as: “The Tribe will not assert the defense of sovereign immunity if sued for breach of contract.” The U.S. Supreme Court has unanimously rejected such an argument. In C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001), the court held that an agreement to arbitrate constituted a “clear waiver” of sovereign immunity, and that by such agreement to arbitrate, the tribe “plainly” consented to suit.. The court said that arbitration clause “has a real world objective” 121 S.Ct at 1596. So, in this case, to the real world end, the contract specifically authorizes judicial enforcement of the Plaintiffs rights in this action, in this court.
Based on the foregoing, this court is not required to apply the common law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it. The rule is inapposite because the contract is not ambiguous. “Nor did the Tribe find itself holding the short end of an adhesion contract stick: The Tribe proposed and prepared the contract; [W.E.C.] ... foisted no form on a quiescent Tribe.” (C & L Enterprises v. Potawantomi Tribe, op. cit. at 1597).
For the reasons stated, it is concluded that under the agreement the Defendant proposed and signed, the Defendant clearly consented to suit in this court and thereby waived its sovereign immunity from this suit. As to Count One, therefore, the Defendant’s Motion to Dismiss is denied. As to Count Two, based on an “implied” contract, by definition there is no “express” waiver of any immunity, and the Motion to Dismiss is therefore p-anted as to Count Two.